IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DIAMONTE DERON SCOTT                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 3:18-CV-522-HSO-JCG

SHERIFF BILLY SOLLIE                                    DEFENDANT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Diamonte Deron Scott. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a Petition pursuant to 28 U.S.C. § 2241 on June 19, 2018.[1] On August 6, 2018, the Court severed Scott's 42 U.S.C. § 1983 claims (ECF No. 1). Plaintiff has failed to prosecute and obey the orders of the Court; therefore, the undersigned recommends that the Complaint be dismissed without prejudice.

## DISCUSSION

Plaintiff filed suit against Sherriff Billy Sollie, challenging his pretrial detention and alleging that he faced unsanitary conditions of confinement, was denied access to the courts, and was subjected to excessive force (ECF Nos. 2, 6, & 8). On January 2, 2020, the Court entered an Order Setting Omnibus Hearing (ECF No. 26). Because it was returned as "Refused, Unable to Forward," (ECF No. 28), the Court canceled the hearing (ECF No. 29) and entered an Order to Show Cause (ECF No. 30) on January 28, 2020. Plaintiff was ordered to provide his current address and show cause why his case should not be dismissed for failure to

---

[1] *Scott v. Sollie*, Civil Action No. 3:18-cv-402-HTW-JCG.

prosecute and abide by the Court's Orders. His response was due on or before

February 26, 2020. After Plaintiff failed to respond, the Court entered a Second

Order to Show Cause (ECF No. 33) on March 3, 2020. Plaintiff's response was due

on or before March 27, 2020. To date, Plaintiff has not responded to either Order to

Show Cause.

The Court has the authority to dismiss an action for failure to prosecute

under Federal Rule of Civil Procedure 41(b) and under its inherent authority to

dismiss an action *sua sponte. See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30

(1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v.*

*Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its

calendars of cases that remain dormant because of the inaction or dilatoriness of the

parties seeking relief, so as to achieve the orderly and expeditious disposition of

cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars of

the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil

Procedure 41(b) are permitted only when "(1) there is a clear record of delay or

contumacious conduct by the plaintiff, and (2) the district court has expressly

determined that lesser sanctions would not prompt diligent prosecution, or the

record shows that the district court employed lesser sanctions that proved to be

futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds a clear record of delay and contumacious

conduct by Plaintiff. Plaintiff has not responded to either of the Court's Orders to

Show Cause (ECF Nos. 30 & 33). Plaintiff was repeatedly warned that his failure to abide by the Court's Orders or to advise the Court of a change of address would be deemed a purposeful and contumacious act by him that would result in the case being dismissed (ECF Nos. 5, 7, 9, 11, 12, 13, 16, 18, 20, 26, 30, & 33). Mail sent to the Plaintiff has been returned undeliverable five times (ECF Nos. 15, 28, 31, 32, & 34). It is presumed that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the Court since March 8, 2019 (ECF No. 19). Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider

frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  **SIGNED,** this the 6th day of April, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE
