# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | | |
|---|---|---|
| **DIAMONTE DERON SCOTT** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 3:18cv522-HSO-JCG |
| | § | |
| **SHERIFF BILLY SOLLIE** | § | **DEFENDANT** |

### ORDER ADOPTING MAGISTRATE JUDGE'S [35] REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE

This matter comes before the Court on the Report and Recommendation [35] of United States Magistrate Judge John C. Gargiulo, entered in this case on April 6, 2020. Based upon the Magistrate Judge's review of the pleadings and relevant legal authority, he recommended that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders. R. & R. [35] at 2-3. Plaintiff has not objected to the Report and Recommendation [35]. For the reasons that follow, the Court finds that the Report and Recommendation [35] should adopted in its entirety as the finding of this Court and that this case should be dismissed without prejudice.

## I. BACKGROUND

On June 18, 2018, Plaintiff Diamonte Deron Scott ("Plaintiff") filed a pro se Petition for Writ of Habeas Corpus in this Court in civil action number 3:18-cv-00402-HTW-JCG. The Court severed from that case claims Plaintiff was also

raising pursuant to 42 U.S.C. § 1983 into this new, separate case. *See* Order [1] at 1-2.

On August 14, 2018, Plaintiff filed a new Complaint in this case, which asserts claims pursuant to 42 U.S.C. § 1983 against Defendant Sheriff Billy Sollie ("Defendant") arising out of Plaintiff's incarceration at the Lauderdale County Detention Facility. *See* Compl. [8] at 1-4. On October 22, 2018, Plaintiff informed the Court that he had been moved to the Madison County Detention Center, and his address of record was updated by the Clerk of Court. *See* Letter [14] at 1. Plaintiff is proceeding *in forma pauperis*.

On January 2, 2019, the Magistrate Judge entered an Order [26] Setting Omnibus Hearing for March 10, 2020. *See* Order [26] at 1-2. The Order [26] was mailed to Plaintiff at his address of record, but the envelope containing the Order [26] was returned to the Court as "REFUSED" and "UNABLE TO FORWARD." Envelope [28] at 1.

As a result of the returned envelope, on January 28, 2020, the Court canceled the hearing, *see* Order [29] at 1, and entered an Order [30] to Show Cause, *see* Order [30] at 1-2. The Magistrate Judge directed Plaintiff to file a response on or before February 26, 2020, that provided his current address and showed cause why this case should not be dismissed for failure to prosecute and abide by the Court's Orders. *See id.* at 2. Envelopes containing the Order [29] cancelling the omnibus hearing and the Order [30] to Show Cause were again returned to the Court. *See* Envelope [32] at 1; Envelope [31] at 1.

On March 3, 2020, the Magistrate Judge entered a Second Order [33] to Show Cause. *See* Order [33] at 1-2. The Order required that, on or before March 27, 2020, Plaintiff file a response that provided his current address and showed cause why this case should not be dismissed for failure to prosecute and abide by the Court's Orders. *See id.* at 2. This Order was mailed to the last address submitted by Plaintiff to the Court. The envelope containing the Magistrate Judge's Second Order [33] to Show Cause was returned to the Court marked "ATTEMPTED – UNKNOWN" and "UNABLE TO FORWARD." *See* Envelope [34] at 1.

On April 6, 2020, the Magistrate Judge entered a Report and Recommendation [35] finding that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders. R. & R. [35] at 2-3. The Magistrate Judge noted the clear record of delay and contumacious conduct by Plaintiff, and determined that lesser sanctions than dismissal would not prompt diligent prosecution. *See id.*

Any objection to the Magistrate Judge's Report and Recommendation [35] was due within fourteen (14) days of service. L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [35], and the time for doing so has passed.

## II.  DISCUSSION

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions

of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [35] as the opinion of this Court, and this civil action will be dismissed without prejudice for Plaintiff's failure to prosecute and to abide by the Court's Orders.

Even under a de novo review, the result would not change. This Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the Court. *See Link*, 370 U.S. at 629-30.

Plaintiff was warned numerous times that failure to abide by the Court's Orders or to advise the Court of a change of address would be deemed a purposeful

delay and contumacious act that may result in the dismissal of his case. *See, e.g.,* Order [26] at 2; Order [13] at 1; Order [12] at 1; Order [11] at 2; Order [9] at 2; Order [7] at 1; Order [5] at 1. Plaintiff's inaction represents a clear record of delay or contumacious conduct, and it is apparent to the Court that Plaintiff no longer wishes to pursue this case. Dismissal is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [35] of United States Magistrate Judge John C. Gargiulo, entered in this case on April 6, 2020, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and to abide by the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 6th day of May, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE